# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRANDON BRINEGAR,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No:   6:16-cv-432-Orl-31GJK**

**DITECH FINANCIAL LLC,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Strike Jury Trial Demand (Doc. 21) filed by the Defendant, Ditech Financial, LLC ("Ditech"), and the response in opposition (Doc. 24) filed by the Plaintiff, Brandon Brinegar ("Brinegar").

**I.   Background**

Brinegar filed this suit on March 15, 2016. In his Amended Complaint (Doc. 13), he alleges that the Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, by making dozens of calls to his cell phone, using an autodialer, in an attempt to collect on Brinegar's home mortgage. The TCPA provides a damages remedy for cellular-phone subscribers who receive autodialed phone calls without having given prior express consent to receive such calls.

The Amended Complaint includes a jury trial demand. (Doc. 13 at 20). The mortgage agreement at issue contains a jury trial waiver. Specifically, the agreement provides that Brinegar

> hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

By way of the instant motion, based on the foregoing language, Ditech seeks to have the Court strike Brinegar's jury trial demand.

## II.     Legal Standard

The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  In the words of the United States Supreme Court, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."  *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990).  However, a party may waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary.  *Bakrac, Inc. v. Villager Franchise Systems*, 164 Fed. Appx. 820, 823 (11th Cir. 2006) (citing *Brookhart v. Janis*, 384 U.S. 1, 4-5 (1966)).

## III.    Analysis

Brinegar argues that the jury trial waiver is not applicable in this case because his TCPA claim does not "aris[e] out of" or "relate to" the mortgage agreement or note.  In support, he cites three TCPA cases from this District in which courts declined to enforce jury trial waivers that utilized essentially the same language as is found in his mortgage agreement – *i.e.*, where the borrowers waived their jury trial rights with regard to claims "arising out of or in any way related to" the mortgage or note.  In *Jones v. Bank of America, N.A.*, No. 8:12-cv-419, 2012 WL 3065381 (M.D. Fla. July 27, 2012), Judge Covington rejected the defendant's argument that the plaintiff's consumer protection suit was "related to" the plaintiff's mortgage and denied enforcement of the waiver.  *Id.* at *1-*2.  In *Dorn v. Bank of America, N.A.*, No. 8:12-cv-510 (M.D. Fla. July 23, 2012), Judge Merryday found that the bank had failed to establish that Dorn's consumer protection

suit was "in any way related to" the mortgage so as to bring the action within the scope of the waiver. However, neither of these cases provided much analysis of the waiver issue.

The Plaintiff's best case is *Willis v. Carrington Mortgage Services, LLC*, No. 8:16-cv-245 (M.D. Fla. May 3, 2016). In that case, Judge Whittemore noted that

> Although not in the context of a jury trial waiver, the Eleventh Circuit has held that "[a] claim 'relates to' a contract when 'the dispute occurs as a fairly direct result of the performance of contractual duties.'" *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340-41 (11th Cir. 2012) (quoting *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001)). "[T]hat a dispute could not have arisen but for an agreement does not mean that the dispute necessarily 'relates to' that agreement." *Id.* Rather, "[t]he phrase 'related to' marks a boundary by indicating some direct relationship," and does not "extend to the furthest stretch of its indeterminacy." *Id.* (quoting *Doe v. Princess Cruise Lines*, 657 F.3d 1204, 1218 (11th Cir. 2011)).

Judge Whittemore concluded that

> Plaintiff's claims, which concern telephone calls made to his cellular phone, are not a direct result of the performance of a contractual duty, nor do they arise out of the mortgage or note, and therefore the jury waiver does not apply.

The Court recognizes that some cases in this district have come out the other way on this same issue. For example, in *Newton v. Wells Fargo Bank, N.A.*, No. 3:13-cv-1017, 2013 WL 5854520, at *2 (M.D.Fla. Oct. 30, 2013), Magistrate Judge Richardson relied on the same language from the Eleventh Circuit's *Byers* decision to conclude that the waiver *did* apply, because the plaintiff's TCPA claims were

> "a fairly direct result of the performance [or in this case, nonperformance] of contractual duties," namely, Plaintiff's failure to make his payments pursuant to the Mortgage.

It is a close call. However, given that the right to trial by jury is fundamental to our justice system, federal courts are obligated to "indulge every reasonable presumption against wavier." *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993) (*citing Aetna Ins. Co. v.*

Kennedy, 301 U.S. 389, 393 (1937).   With this presumption in mind, the Court finds that the instant consumer protection case is not sufficiently related to the mortgage or note as to fall within the scope of the waiver.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Strike Jury Trial Demand (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 14, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party